DJW/bh

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**EDUCATIONAL CREDIT**
**MANAGEMENT CORPORATION,**

                  **Plaintiff,**

                                                **CIVIL ACTION**

v.

                                                **No. 07-2418-DJW**

**BRADCO, INC., d/b/a**
**Bradco Supply Company,**

                  **Defendant.**

**MEMORANDUM AND ORDER**

Pending before the Court is Jan Nagy's Motion to Intervene (doc. 9). Ms. Nagy seeks to intervene as a defendant to assert various defenses to Plaintiff's claim. For the reasons set forth below, the Court grants the motion.

**I.     Nature of the Matter Before the Court and Background Information**

Plaintiff Educational Credit Management Corporation is non-profit guaranty agency established pursuant to the Federal Family Education Loan Program ("FFELP").[1] Plaintiff is bound by law to pursue collection of past due and delinquent student loans through means mandated by the United States Department of Education.[2] Plaintiff asserts that Ms. Nagy has defaulted on a student loan debt owed to Plaintiff. It files this lawsuit against Ms. Nagy's employer, Defendant Bradco, Inc., to recover monies from Defendant that Plaintiff claims Defendant was statutorily required to withhold from Ms. Nagy's wages.

---

[1] 20 U.S.C. §§ 1071, *et seq.*

[2] *Montgomery v. Ed. Credit Mgmt. Corp.*, 238 B. R. 806, 807 (D. Minn 1999).

Pursuant to 20 U.S.C. § 1095a, a guaranty agency such as Plaintiff may garnish the disposable pay of an individual to collect the debt owed by the individual ("borrower"). Prior to doing so, the guaranty agency must provide written notice to the borrower of the initiation of collection proceedings, informing the borrower of the nature of the amount of the loan to be collected and the intention of the guaranty agency to initiate a garnishment proceeding.[3] The statute also provides that, prior to the garnishment, the borrower must be provided a hearing regarding the existence and amount of the debt if the debtor requests such a hearing.[4] In addition, the statute provides that once a withholding order is issued, the employer must pay the guaranty agency the amount directed in the withholding order.[5] If the employer fails to pay as required by the withholding order, the guaranty agency may sue the employer to recover any amount that the employer has failed to withhold from the borrower's wages.[6] The guaranty agency may also seek to recover its attorney's fees, costs, and, in the court's discretion, punitive damages.[7]

Plaintiff alleges in its Complaint that it served Ms. Nagy on May 25, 2006 with a notice of intent to initiate withholding proceedings.[8] It further alleges that because Ms. Nagy did not request a hearing under 20 U.S.C. § 1095a(5), a withholding order was issued to Defendant on November

---

[3]20 U.S.C. § 1095a(a)(2).

[4]*Id.*, § 1095a(a)(5) and (b).

[5]*Id.*, § 1095a(a)(6).

[6]*Id.*

[7]*Id.*

[8]Compl., ¶ 10.

2

14, 2006.[9] Plaintiff asserts that it also served several notices and a demand letter on Defendant, requesting compliance with the withholding order, but that Defendant failed to comply with the order.[10]

Plaintiff's action against Defendant alleges that Defendant has violated 20 U.S.C. § 1095a by failing to comply with the withholding order. Plaintiff seeks to recover from Defendant all monies that it has failed to withhold following its receipt of the withholding order, plus, the attorney fees and costs Plaintiff has incurred in pursuing this action, in addition to punitive damages.[11] Plaintiff also seeks a injunction requiring Defendant to withhold and remit ten percent of Ms. Nagy's disposable earnings, i.e., the amount required under 15 U.S.C. § 1673, until the student loan debt is paid in full or Ms. Nagy terminates her employment with Defendant.[12]

Ms. Nagy filed the instant Motion to Intervene on January 4, 2008. She contends that the student loan debt at issue in this case was discharged in her 1988 Chapter 7 bankruptcy action and that the garnishment is therefore improper. Ms. Nagy seeks leave to intervene pursuant to Federal Rule of Civil Procedure 24(a)(2) "as a matter of right." In the alternative, she seeks leave to intervene pursuant to Rule 24(b), which allows for "permissive" intervention. She seeks to intervene to present various defenses, including the defense that the debt was discharged in bankruptcy. She also seeks to assert the defenses of laches, estoppel, unclean hands, and waiver, arguing that Plaintiff

---

[9]*Id.*, ¶ 11.

[10]*Id.*, ¶¶ 12-13.

[11]*Id.,* ¶ 18.

[12]*Id.*, ¶ 19.

should not be allowed to garnish her wages after waiting nineteen years to take any action to collect on the debt.

Plaintiff opposes intervention, arguing that allowing Ms. Nagy to intervene would be futile because the debt was not discharged in the bankruptcy action. Contrary to what Plaintiff asserted in its Complaint, Plaintiff now states in its response to the Motion to Intervene that Ms. Nagy did in fact request a written records hearing and that she objected to the garnishment on the basis that the debt had been discharged.[13]

According to Plaintiff's response to the Motion to Intervene, the United States Department of Education considered Ms. Nagy's objection and the materials she provided, and issued a Garnishment Hearing Decision on October 5, 2006.[14] In its Hearing Decision, the Department of Education rejected Ms. Nagy's objection to the garnishment and concluded that the debt had not been discharged in bankruptcy.[15] The Hearing Decision indicated that because the Bankruptcy Court did not issue a hardship discharge ruling, the loan was not discharged by her bankruptcy.[16] The Hearing Decision further indicated that if Ms. Nagy did not make voluntary payments on the debt, Plaintiff was entitled to pursue a garnishment action without further notice.[17] It also informed Ms.

---

[13]Plaintiff attaches various records to its response to the Motion to Intervene, including Ms. Nagy's written request for a hearing, to which was attached a copy of the Bankruptcy Court's Final Decree dated May 18, 1989. *See* Ex. A to Pl.'s Resp. to Mot. to Intervene (doc. 11).

[14]*See* Garnishment Hr'g Decision, attached as Ex. B to Pl.'s Resp. to Mot. to Intervene (doc. 11).

[15]*Id.*

[16]*Id.*

[17]*Id.*

4

Nagy that she had the right to appeal the Garnishment Hearing Decision to a federal district court.[18] Plaintiff asserts that Ms. Nagy did not file any appeal of the Decision.

Plaintiff opposes Ms. Nagy's attempt to intervene on the basis of futility, arguing that the student loan debt was not discharged in bankruptcy. Plaintiff also argues that Ms. Nagy should not be allowed to collaterally attack the Department of Education's Garnishment Hearing Decision that the loan was not discharged.

## II. Discussion

The Tenth Circuit follows a "somewhat liberal line in allowing intervention."[19] Rule 24(a) provides for intervention of right. It provides in pertinent part:

> On timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.[20]

Plaintiff apparently concedes that these elements have been met, as it does not discuss them in its response to the Motion to Intervene. The Court finds that the elements set forth in Rule 24(a) have been met. First, the motion to intervene is timely, having been filed on January 4, 2008, when the case was in the early stage of discovery. Second, Ms. Nagy claims an interest in the student loan debt and her wages that are the subject of this garnishment action. Third, Ms. Nagy's interest may, as a practical matter, be impaired or impeded as a result of this action because she faces the garnishment of her wages if Plaintiff prevails. Also, the ability to contest the debt at a later time

---

[18] *Id.*

[19] *Utah Ass'n of Counties v. Clinton*, 255 F.3d 1246, 1249 (10th Cir. 2001).

[20] Fed. R. Civ. P. 24(a)(2).

would most likely be lost if she does not intervene. Thus, the first three factors for intervention by right under Rule 24(a) are met.

Having satisfied the first three elements, Ms. Nagy is entitled to intervention as of right unless her interest "is adequately represented by existing parties."[21] Although an applicant for intervention as of right bears the burden of showing inadequate representation, that burden is a minimal one of showing that representation "may" be inadequate, and the possibility that the interests of the applicant's and the parties may diverge need not be great in order to satisfy this minimal burden.[22] Clearly, Ms. Nagy's interests are adverse to Plaintiff and her interests would not be represented by Plaintiff. While her interests are more aligned with Defendant, as Ms. Nagy points out, Defendant is not in a position to advocate that her debt was discharged in bankruptcy. In light of the foregoing, the Court holds that Ms. Nagy has met all four elements required for intervention as of right under Rule 24(a).

The Court also holds that Ms. Nagy has met the elements required for permissive intervention under Rule 24(b). Subsection (1)(B) of Rule 24(b) provides that "[o]n timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact."[23] Subsection (3) of rule 24(b) provides that "[i]n exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights."[24]

---

[21] *Utah Ass'n,* 255 F.3d at 1254 (quoting Fed. R. Civ. P. 24(a)).

[22] *Id.* (citations omitted).

[23] Fed. R. Civ. P. 24(b)(1)(B).

[24] Fed. R. Civ. P. 24(b)(3).

6

The Court has already ruled that Ms. Nagy's motion is timely. Also, as Ms. Nagy points out, her defenses and the main action have questions of law and fact in common — if Ms. Nagy prevails on her defense that the debt was discharged in bankruptcy, then Defendant prevails. Finally, the Court finds that allowing Ms. Nagy to intervene will not unduly delay or prejudice the original parties' rights. The Court has vacated the Scheduling Order and plans to enter an Amended Scheduling Order at the telephone conference scheduled for May 21, 2008. Thus, the Court finds that the requirements for Rule 24(b) permissive intervention have been met.

As noted above, Plaintiff does not address whether Ms. Nagy meets the various elements for intervention under either subsection (a) or (b) of Rule 24. Rather, Plaintiff argues that intervention should be denied because intervention would be futile, as it contends that the student loan debt was *not* discharged in bankruptcy and that the Department of Education has already made such a finding. In other words, Plaintiff is arguing that intervention should be denied because Ms. Nagy's defenses have no merit.

Neither subsection (a) nor (b) of Rule 24 takes into consideration the merits of the proposed claim or defense in intervention, and the Court is unable to find any Tenth Circuit case law addressing this issue. This Court has, however, on one occasion, denied a motion to intervene when the Court found that the claims of the party moving to intervene could not withstand a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *In Equal Employment Opportunity Commission v. Century I, L.C.,*[25] this Court considered whether an employee who had filed the Title VII discrimination charge that led to the initiation of the lawsuit by the Equal Employment Opportunity Commission should be allowed to intervene as a matter of right to assert claims under

---

[25] 142 F.R.D. 494 (D. Kan. 1992).

7

Title VII and 42 U.S.C. § 1981. The Court granted the motion to the extent the employee sought to assert claims under Title VII, as the statute itself grants aggrieved employees the right to intervene in actions brought by the Equal Employment Opportunity Commission.[26] The Court, however, denied the motion to intervene to the extent the employee sought to assert claims for unlawful discharge under 42 U.S.C. § 1981 and the Civil Rights Act of 1991, holding that allowing the employee to assert those claims via his motion to intervene would be futile, as a cause of action under those statutes was not recognized under the case law in this circuit.[27]

Several courts in other jurisdictions have also recognized that the futility of the proposed claim or defense in intervention may be considered in determining whether intervention is proper.[28] Arguably, this could be considered part of the inquiry under the second element of intervention of right under rule 24(a), i.e., the requirement that the moving party claim an interest relating to the property or transaction that is the subject of the action. As some courts have recognized, this element requires that the applicant allege a legally sufficient claim or defense.[29]

---

[26]*Id.* at 495.

[27]*Id.* at 496.

[28]*See, e.g.*, *Atkins v. Gen. Motors Corp.,* 701 F.2d 1124, 1130 n.5 (5th Cir. 1983) (upholding district court's denial of motion to intervene on futility grounds where proposed claims were barred by statute of limitations); *In re Fine Paper Antitrust Litig*, 695 F.2d 494, 501 (3d Cir. 1982) (upholding district court's denial of motion to intervene where it would have been futile to allow intervention); *Kirby v. Coastal Sales Assoc.*, 199 F.R.D. 111, 118 (S.D. N.Y. 2001) (noting that legal futility is a basis for rejecting a proposed intervention under Rule 24); *Am. White Cross, Inc. v. Orentzel,* 269 B.R. 555, 559 (D. Del. 2001) (upholding bankruptcy court decision denying motion to intervene as futile where proposed claim on intervention was without merit); *see also* Charles Alan Wright, Arthur R. Miller, and Mary Kay Wright, 7C *Federal Practice & Procedure*, § 1914 (3d ed.) at p. 523-24 ("The proposed pleading must state a good claim for relief or a good defense.").

[29]*Williams & Humbert, Ltd. v. W. & H. Trade Marks, Ltd.*, 840 F.2d 72, 74 (D. C. Cir. 1988); *People for Ethical Treatment of Animals v. Babbitt*, 151 F. R.D 6, 8 (D. D. C. 1993).

In light of the above case law, the Court holds that it is proper to consider whether it would be futile to allow Ms. Nagy to intervene. In doing so, however, the Court recognizes that its inquiry must focus on whether Ms. Nagy has alleged legally sufficient defenses, and not whether she is likely to prevail on the merits of those defenses.[30] The Court finds that Ms. Nagy has alleged legally sufficient defenses that meet this standard. Whether the debt was or was not discharged in bankruptcy and whether Plaintiff's claims should be barred under the doctrines of laches, estoppel, or waiver must be decided on the merits — at trial, on summary judgment, or on some other form of dispositive motion. The Court therefore concludes that the proposed intervention cannot be characterized as futile.

## III.    Conclusion

The Court holds that Ms. Nagy has satisfied the elements for intervention as of right and for permissive intervention. In addition, the Court holds that Ms. Nagy has alleged legally sufficient defenses such that allowing her to intervene would not be futile. The Court therefore grants the Motion to Intervene. Ms. Nagy shall file her Answer within **three (3) days** of the date of this Order. In addition, counsel for Ms. Nagy shall participate in the supplemental telephone Scheduling Conference set for **May 21, 2008 at 2:00 p.m.**

**IT IS THEREFORE ORDERED** that Jan Nagy's Motion to Intervene (doc. 9) is granted.

---

[30] *Williams*, 840 F.2d at 1291 ("An application to intervene should be viewed on the tendered pleadings, that is, whether those pleadings allege a legally sufficient claim or defense and not whether the applicant is likely to prevail on the merits."); *see also Lake Investors Dev. Group, Inc. v. Egidi Dev. Group,* 715 F.2d 1256, 1258 (7th Cir. 1983) (in evaluating motion to intervene, court must accept as true the non-conclusory allegations of the movant's pleadings).

**IT IS FURTHER ORDERED** that Jan Nagy shall file her answer within **three (3) days** of the date of this Order, and her counsel shall participate in the supplemental telephone Scheduling Conference set for **May 21, 2008 at 2:00 p.m.**

**IT IS SO ORDERED**.

Dated in Kansas City, Kansas on this 14th day of May 2008.

s/ David J. Waxse<br>
David J. Waxse<br>
U.S. Magistrate Judge

cc:   All counsel and *pro se* parties